MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD (SBN 119513)
KATHY H. GAO (SBN 259019)
ANNA KIM (SBN 292082)
300 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
Tel:   213.612.2500
Fax:  213.612-2501
john.battenfeld@morganlewis.com
kathy.gao@morganlewis.com
anna.kim@morganlewis.com

Attorneys for Defendant
INSIGHT GLOBAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDINE SALDIVAR, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSIGHT GLOBAL, LLC, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  5:17-cv-05981<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]**<br><br>[Filed Concurrently With Declaration of Melanie A. Lewis]<br><br>[Santa Clara Superior. Ct. Case No. 17CV312200]<br><br>Complaint Filed: June 23, 2017 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 93470158.3

NOTICE OF REMOVAL

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Insight Global, LLC ("Defendant" or "Insight Global"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Santa Clara, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This removal is based on the following grounds:

**I.  PROCEDURAL BACKGROUND**

1. On or about June 23, 2017, Plaintiff Claudine Saldivar ("Saldivar" or "Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Claudine Saldivar, an individual, on behalf of herself and on behalf of all persons similarly situated v. Insight Global, LLC, a Delaware Corporation; and Does 1 through 50, inclusive*, Case No. 17CV312200 (the "Complaint").

2. Pursuant to Code of Civil Procedure Section 415.30(a), on August 29, 2017, Plaintiff mailed to counsel for Insight Global a copy of the Notice and Acknowledgment of Receipt, Summons, Complaint, Civil Case Cover Sheet, Civil Lawsuit Notice (setting the Case Management Conference for October 13, 2017), and Alternative Dispute Resolution Information Sheet. A true and correct copy of Notice and Acknowledgment of Receipt, Summons, Complaint, Civil Case Cover Sheet, Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet, and accompanying letter are attached hereto as **Exhibit A**.

3. On September 18, 2017, within twenty (20) days of the mailing of the Notice and Acknowledgment of Receipt, counsel for Insight Global signed and returned the Acknowledgment of Receipt. A true and correct copy of Insight Global's signed Acknowledgment of Receipt is attached here to as **Exhibit B**.

4. On September 20, 2017, counsel for Insight Global was personally served with a copy of Plaintiff's First Amended Complaint ("FAC"). A true and correct copy of the First Amended Complaint is attached here to as **Exhibit C**.

5. On October 4, 2017, the Court issued a Notice of Rescheduled Case Management Conference, continuing the Case Management Conference to January 12, 2018. A true and

1  correct copy of the Notice of Rescheduled Case Management Conference is attached here to as **Exhibit D**.

3  6. On October 18, 2017, Insight Global filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Santa Clara. A true and correct copy of Insight Global's Answer is attached hereto as **Exhibit E**.

6  7. Exhibits A through E constitute all the pleadings, process, and orders served upon or filed by Insight Global in the Superior Court action.

8  8. Plaintiff's FAC alleges the following class and representative claims based on alleged violations of the California Labor Code: (1) violation of California Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime wages; (3) failure to provide accurate itemized wage statements; (4) failure to reimburse employees for required expenses; and (5) failure to timely pay wages when due. The FAC also seeks penalties under the Labor Code Private Attorneys General Act.

14  9. Plaintiff seeks to represent the following class:

> [A]ll individuals who are or previously were employed by Defendant in California classified as non-exempt employees and paid on an hourly basis (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

(Exh. C, FAC ¶ 21.)

10. Plaintiff also seeks to represent the following subclass:

> [A]ll members of the CALIFORNIA CLASS who are or previously were employed by Defendant in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD").

(Exh. C, FAC ¶ 33.)

## II. REMOVAL IS TIMELY.

11. Plaintiff mailed a Notice and Acknowledgment of Receipt on August 29, 2017, and counsel for Insight Global timely signed and returned the Acknowledgment of Receipt to Plaintiff's counsel within twenty (20) days from the date of the mailing – on September 18, 2017.

Service of the summons was therefore deemed complete on September 18, 2017. Code of Civ. Proc. § 415.30(c). Because this Notice of Removal is filed within thirty (30) days of service of the Summons and original Complaint, it is timely under 28 U.S.C. §§ 1446(b)(3) and 1453. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OVER THE COMPLAINT UNDER CAFA.

12. Plaintiff brings this action as a putative class action under California Code Civ. Proc. § 382.[1] (Exh. C, FAC, Prayer for Relief.) Removal based upon Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members in all proposed classes is 100 or greater; and (iii) diversity of citizenship exists between at least one putative class member and Insight Global. 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453. Although Insight Global denies Plaintiff's factual allegations and denies that Plaintiff or the class or subclass she purports to represent is entitled to the relief requested, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.

#### A. The Putative Class Has More Than 100 Members.

13. Based on Plaintiff's definition of the "CALIFORNIA CLASS" (Exh. C, FAC ¶ 21), the putative California Class contains over 10,000 putative class members who were classified as non-exempt employees in California and paid on an hourly basis.[2] (Declaration of Melanie A. Lewis ("Lewis Decl."), ¶ 6.) Thus, the putative class contains more than 100 members.

14. Based on Plaintiff's definition of the "CALIFORNIA LABOR SUB-CLASS"

---

[1] Insight Global denies, and reserves the right to contest, at the appropriate time, that this action can properly proceed as a class action or that it can proceed in court. Insight Global further denies Plaintiff's claims and denies that she can recover any damages.

[2] Insight Global's employees are placed on assignments at various client facilities, and Plaintiff was only assigned to work at one client, Cisco Systems, Inc.

(Exh. C, FAC ¶ 33), the putative California Labor Subclass contains at least 5,946 members of the putative California Class who ended their employment with Insight Global between June 23, 2014 and June 23, 2017. (Lewis Decl., ¶ 7.)

### B.   Diversity of Citizenship Exists.

15.   To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

16.   According to Insight Global's payroll and personnel records, Plaintiff's home address shows that Plaintiff resides and has resided in California since 2015. (Lewis Decl., ¶ 4.) In addition, Plaintiff's Complaint does not allege any alternate state citizenship. The Complaint alleges that Plaintiff currently resides in Santa Clara County. (Exh. C, FAC ¶ 20.) Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes. Moreover, Plaintiff has brought claims on behalf of putative class and representative members residing in California. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

17.   For diversity purposes, an unincorporated association or corporation is deemed to be a citizen of the state where it has its principal place of business and under whose laws it is incorporated or organized. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance*

*of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb 3, 2011) (same). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010). Insight Global is organized under the laws of Delaware and has its principal place of business in Georgia. (Lewis Decl., ¶¶ 2-3.) Insight Global's corporate headquarters is in the State of Georgia, as is the majority of its corporate books and records and its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems). (Lewis Decl., ¶ 3.) In addition, Insight Global's president, chief financial officer, and corporate secretary, as well as other senior executives work from the Georgia headquarters and direct, control, and coordinate Insight Global's corporate activities from Georgia. (Lewis Decl., ¶ 3.) Accordingly, Insight Global is a citizen of Delaware and Georgia for the purposes of determining diversity. 28 U.S.C. §§ 1332(c) & 1332(d)(10).

18.   Therefore, based on the FAC, at least one member of the putative class is a citizen of a state different than the defendant. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

C.   **The Amount In Controversy Exceeds $5,000,000.**

19.   Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 93470158.3

5          NOTICE OF REMOVAL

1  stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013). Where a Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997).

20. Insight Global's burden to establish the amount in controversy is the preponderance of the evidence standard. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no antiremoval presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

21. "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy").

22. Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at

*4-5 (C.D. Cal. 2015). However, as detailed below, Insight Global has both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA. As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5,000,000 in potential damages. 28 U.S.C. § 1332(d)(2).

23. Although Insight Global denies Plaintiff's factual allegations and denies that she or the class and subclass she seeks to represent are entitled to any relief, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

24. As stated above, based on the alleged definitions in the FAC, Plaintiff seeks to represent a California Labor Subclass of at least 5,946 members. (Lewis Decl., ¶ 7.)

### 1. Plaintiff's Fifth Cause of Action for Failure to Timely Pay Wages at Termination Puts Well Over $5,000,000 in Controversy.

25. Plaintiff alleges that "the employment of many CALIFORNIA LABOR SUB-CLASS Members terminated and Defendant have [sic] not tendered payment of all wages owed as required by law. (Exh. C, FAC ¶ 87.) Therefore, on behalf of herself and the alleged members of the CALIFORNIA LABOR SUB-CLASS "whose employment has terminated, Plaintiff demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD . . . ." (Exh. C, FAC ¶ 88.)

26. Labor Code Section 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Approximately 5,946 alleged members of the California Labor Subclass terminated employment on or after June 23, 2014 and before June 23, 2017. Lewis Decl., ¶ 7.) As a result, Plaintiff's Fifth Cause of Action puts well over

1  $5,000,000 in controversy (5,946 former employees * 8 hours per day * 30 days * $25.57[3] =
2  $36,489,413.00).

### 2. The Amount In Controversy Exceeds $5,000,000.

27.  Therefore, the amount in controversy just for the Fifth Cause of Action exceeds $5,000,000.  In addition to this cause of action, Plaintiff's First Cause of Action for unfair business practices alleges that Insight Global failed to pay all overtime due and failed to provide all legally required meal and rest breaks to the putative members of the California Class and seeks overtime pay and meal and rest break premiums.  (Exh. C, FAC ¶¶ 14-15, 50-51.)  Plaintiff's Second Cause of Action alleges that Insight Global failed to pay wages to the putative members of the California Labor Subclass and seeks unpaid wages including overtime.  (Exh. C, FAC ¶¶ 62-72.)  Plaintiff's Third Cause of Action alleges that "Defendant provided Plaintiff and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226" and seeks wage statement penalties pursuant to Labor Code Section 226.  (Exh. C, FAC ¶¶ 75-76.)  Plaintiff's Fourth Cause of Action alleges that Insight Global failed to indemnify and reimburse Plaintiff and putative members of the California Labor Subclass for expenses, including, but not limited to, costs related to using their personal cellular phones "all on behalf of and for the benefit of Defendant," and seeks reimbursement for expenditures or losses allegedly incurred by them.  (Exh. C, FAC ¶¶ 79-80. )  These causes of action put additional amounts in controversy, but were pleaded without any specificity to determine the amounts sought for each claim for purposes of the amount in controversy, although Plaintiff appears to plead a 100% violation rate for the wage statement claim.

### 3. The Complaint Also Seeks Recovery of Attorneys' Fees.

28.  Plaintiff seeks to recover attorneys' fees.  (Exh. C, FAC, Prayer for Relief ¶ 3(c).)  Attorneys' fees are properly included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*,

---

[3] Based on preliminary data gathered by Insight Global, the average hourly rate of pay for non-exempt employees in California who terminated employment on or after June 23, 2014 and before June 23, 2017 is approximately $25.57.  (Lewis Decl., ¶ 7.)

1   243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); *see also Sanchez v. Russell Sigler, Inc.*, 2015
2   WL 12765359, *7 (C.D. Cal. April 28, 2015); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-
3   09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5-6 (C.D. Cal. Mar. 3, 2015) ("The Court
4   believes that, when authorized by an underlying statute, the better view is to consider post-
5   removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted).

6   29.   Therefore, although Insight Global has already demonstrated by a preponderance of the evidence that the amount in controversy without attorneys' fees exceeds $5,000,000, the inclusion of attorneys' fees consistent with removal precedent further increases the amount in controversy.

## IV.   VENUE

30.   This action was originally filed in the Superior Court for the County of Santa Clara. Initial venue is therefore proper in this District Court, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V.   NOTICE

31.   Insight Global will promptly serve this Notice of Removal on Plaintiff and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI.   CONCLUSION

32.   Based on the foregoing, Insight Global requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Insight Global respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: October 18, 2017                    MORGAN, LEWIS & BOCKIUS LLP

                                           By   */s/ Anna Kim*
                                                John S. Battenfeld
                                                Kathy H. Gao
                                                Anna Kim
                                                Attorneys for Defendant
                                                INSIGHT GLOBAL, LLC