United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDINE SALDIVAR,<br>Plaintiff,<br>v.<br>INSIGHT GLOBAL, LLC,<br>Defendant. | Case No. 17-cv-05981 NC<br><br>**ORDER TO SHOW CAUSE REGARDING FEDERAL COURT JURISDICTION OVER PAGA CLAIM**<br><br>Re: Dkt. No. 12 |

On June 26, 2018, the parties in this case filed a joint status report and a proposed order that plaintiff Saldivar's representative Private Attorney General Act (PAGA) claim be stayed pending the arbitration of Saldivar's individual claims. Dkt. No. 12 at 3. The reason for this proposed order coming before the Court is that the Court stayed this case pending the Supreme Court's decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). Dkt. No. 11. Because the parties agree that the *Epic Systems* decision now requires that Saldivar's claims go to individual arbitration, the parties request that the Court stay the PAGA claim, which may not be compelled into arbitration. Dkt. No. 12 at 2-3.

However, because of *Epic Systems*, this case no longer involves a class action as Saldivar signed a class action waiver. This case is no longer a class action for purposes of the Class Action Fairness Act (CAFA). Thus, there is no longer a hook for federal subject matter jurisdiction. Yet the Court considers whether it may exercise supplemental

Case No. 17-cv-05981 NC

jurisdiction over the PAGA claim under 28 U.S.C. § 1367. Section 1367(a) provides in relevant part that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, under § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, the only basis for the Court's jurisdiction was under CAFA, and because of *Epic Systems*, this case is no longer a class action. Therefore, under § 1367(c)(3), the Court must consider whether it may decline to exercise supplemental jurisdiction. The Court's concern is magnified by the fact that the purpose of PAGA is for private parties to act in the place of the California Attorney General, and that 75% of the penalties from PAGA go to the California Labor and Workforce Development Agency, a California governmental agency, and only 25% goes to plaintiff. *Arias v. Superior Court*, 46 Cal. 4th 969, 981 (2009) (citing Cal. Lab. Code § 2699(i)). While there is certainly nothing wrong with this in theory or in substance, it raises the specter that by letting the PAGA claim remain in this Court, the Court would be allowing the "federal tail to wag what in substance is a state dog." *Allen v. Cty. of Monterey*, No. 06-cv-07293 RMW, 2007 WL 3070973, at *5 (N.D. Cal. Oct. 19, 2007) (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003)).

Therefore, the parties are ORDERED to each file briefs not to exceed three (3) pages, or to file one joint brief not to exceed seven (7) pages, explaining why the Court should, or should not, retain supplemental jurisdiction over Saldivar's individual PAGA

Case No. 17-cv-05981 NC 2

claim. The alternative is that the Court remand this case to Santa Clara County Superior Court. These briefs, or brief, must be filed by July 23, 2018.

**IT IS SO ORDERED.**

Dated: July 16, 2018                    _____
                                        NATHANAEL M. COUSINS
                                        United States Magistrate Judge