Alexander I. Dychter (SBN 234526)
S. Adam Spiewak (SBN 230872)
DYCHTER LAW OFFICES, APC 1010
Second Avenue, Suite 1835
San Diego, CA 92101
Telephone: (619) 487-0777
Facsimile: (619) 330-1827
E-mail: Alex@DychterLaw.com

BLUMENTHAL, NORDREHAUG & BHOWMIK
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff
CLAUDINE SALDIVAR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDINE SALDIVAR, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSIGHT GLOBAL, LLC, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-05981-NC<br><br>Assigned to the Honorable Nathanael M. Cousins<br><br>**PLAINTIFF'S BRIEF RE SUPPLEMENTAL JURISDICTION OVER PAGA CLAIM**<br><br>Complaint Filed: June 23, 2017<br>FAC Filed:        September 20, 2017 |

Pursuant to the Court's July 16, 2018 Order to Show Cause Regarding Federal Court Jurisdiction over PAGA Claim (ECF Dkt. No. 12) (the "OSC"), Plaintiff hereby submits her requested brief explaining why the Court has the discretion to remand this case to Santa Clara County Superior Court and should not retain supplemental jurisdiction over Saldivar's individual PAGA claim, pursued as a private attorney general on behalf of all aggrieved California employees.

## I.   PROCEDURAL POSTURE AND FACTUAL BACKGROUND

Originally, Plaintiff had filed a complaint asserting in Santa Clara County Superior Court several class claims for violations of the California Labor Code.  In September of 2017, Plaintiff filed a First Amended Complaint, also asserting a cause of action under California's Private Attorneys General Act, California Labor Code § 2698, *et seq*. (the "PAGA Claim"). Subsequently, in October 2017, Defendant removed the case to this Court under the Class Action Fairness Act ("CAFA").  Then, in November, 2017, the parties Stipulated and the Court Ordered to stay all proceedings in this matter until after the Supreme Court of the United States issued a decision in *Ernst & Young LLP, et al. v. Stephen Morris, et al.*, Case No. 16-300, which was later issued in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).  (ECF Dkt. No. 11).

On June 26, 2018, the parties in this case filed a joint status report and a proposed order that plaintiff Saldivar's representative PAGA claim be stayed pending the arbitration of Saldivar's individual claims.  The parties agreed that the *Epic Systems* decision requires that Saldivar's claims go to individual arbitration, and the parties requested that the Court stay the PAGA claim, which may not be compelled into arbitration. (ECF Dkt. No. 12 at 3).  The underlying claims asserted by Plaintiff, which had originally been asserted as class claims, are no longer before this District Court and will be resolved on an individual basis in arbitration, which then raises the question as to whether the remaining California PAGA Claim should be remanded. Under PAGA, 75% of the penalties from PAGA go to the California Labor and Workforce Development Agency ("LWDA"), a California governmental agency, and only 25% goes to plaintiff. *Arias v. Superior Court*, 46 Cal. 4th 969, 981 (2009).

## II. ARGUMENT

Plaintiff agrees with the Court that, under 28 U.S.C. § 1367(c)(3), it may decline to exercise supplemental jurisdiction here, where the District Court has already dismissed all claims over which it had had original jurisdiction. The question for the Court's consideration and determination is not whether the Court can maintain jurisdiction over the case – it would if it exercised its discretion to do so – but whether the Court has the discretion to ***decline*** to exercise *supplemental* jurisdiction over the solely state law claims under PAGA. Governing statutory and case law proscribe that this Court may refrain from exercising jurisdiction over that California PAGA Claim. See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (recognizing district court's discretion to decide whether to exercise supplemental jurisdiction over state-law claims after district dismissed "every claim over which it had original jurisdiction") (citations omitted). Here, given the circumstances, it would be prudent to do so.

"Where a district court dismisses every claim over which it had original jurisdiction, it retains pure discretion in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa Cty., 693 F.3d 896, 940 (9th Cir. 2012) (*en banc*) (internal citations omitted); accord Caron v. Herold, 2018 WL 3474378, at *5 (C.D. Cal., July 17, 2018, No. EDCV 18-1301-R (KK)); Jones v. County of Los Angeles, 722 Fed. Appx. 634, 639 (9th Cir. 2018).

There is total agreement that this Court is not *divested* of jurisdiction over this case because of the subsequent dismissal of claims that were actively in controversy at the time of removal. However, "actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." Acri v. Varian Associates, Inc. (9th Cir. 1997) 114 F.3d 999, 1001, as amended (Oct. 1, 1997), supplemented (9th Cir. 1997) 121 F.3d 714.[1] "[I]n the usual case in which all federal-law claims are eliminated before trial,

---

[1] Citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1176–77 (1st Cir.1995) (that supplemental state law claims should be dismissed if federal claims are dismissed at early stage of suit is not compelled by lack of judicial power, but is wholly discretionary); Kansas Pub.

the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims" Id., citing Carnegie–Mellon, 484 U.S. at 350 n. 7, accord El-Shaddai v. Zamora, 2018 WL 3201859, at *12 (C.D. Cal., June 27, 2018, No. CV 13-2327 RGK(JC)).

Here, "given the dismissal of plaintiffs' federal claims and the early stage of the proceedings," it is particularly appropriate to decline to exercise supplemental jurisdiction. Legalforce RAPC Worldwide, P.C. v. Trademark Engine LLC, 2018 WL 3474180, at *5 (N.D. Cal., July 19, 2018, No. 17-CV-07303-MMC); see also Kandi v. Langford, 2018 WL 566799, at *5 (C.D. Cal., Jan. 25, 2018, No. CV 17-7650-GW (KK)), appeal dismissed (9th Cir., Mar. 28, 2018, No. 18-55201) 2018 WL 2276708 (declining to exercise supplemental jurisdiction over Plaintiff's state law claim where federal law claims to be dismissed).  Furthermore, the State of California, on whose behalf the PAGA claim will be adjudicated and whose agency would stand to receive the vast majority of the remedy, if liability is found, has a much greater interest in resolving this remaining claim.  As the Court itself raised, *sua sponte* (ECF Dkt. No. 14), there would be a specter that by letting the PAGA claim remain in this Court, the Court would be allowing the "federal tail to wag what in substance is a state dog." Allen v. Cty. of Monterey, No. 06-cv-07293 RMW, 2007 WL 3070973, at *5 (N.D. Cal. Oct. 19, 2007), citing De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003)).  This state dog should be remanded.

### III.   CONCLUSION

For the reasons articulated above, the Court here may and ought to decline to exercise supplemental jurisdiction over the only claim active here under California's PAGA.

Dated: July 23, 2018

DYCHTER LAW OFFICES, APC
BLUMENTHAL, NORDREHAUG & BHOWMIK

By  /s/ Alexander I. Dychter
Alexander I. Dychter
Attorneys for Plaintiff
CLAUDINE SALDIVAR

---

Employees Retirement Sys. v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1067 (8th Cir.) (distinguishing between the power to exercise jurisdiction over supplemental claims and the advisability of doing so), cert. denied, 519 U.S. 948, 117 S.Ct. 359, 136 L.Ed.2d 250 (1996).