MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld (SBN 119513)
Kathy H. Gao (SBN 259019)
Joseph D. Hadacek (SBN 303087)
300 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
Tel:      213.612.2500
Fax:     213.612-2501
john.battenfeld@morganlewis.com
kathy.gao@morganlewis.com
joseph.hadacek@morganlewis.com

Attorneys for Defendant Insight Global, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAUDINE SALDIVAR, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSIGHT GLOBAL, LLC, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-05981-NC<br><br>Assigned to the Honorable Nathanael M. Cousins<br><br>**DEFENDANT INSIGHT GLOBAL, LLC'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING FEDERAL COURT JURISDICTION OVER PAGA CLAIM**<br><br>Complaint Filed: June 23, 2017<br>FAC Filed:      September 20, 2017 |

On July 16, 2018, this Court issued an Order to Show Cause Regarding Federal Court Jurisdiction Over PAGA Claim asking the parties to "explain[] why the Court should, or should not, retain supplemental jurisdiction over Saldivar's individual PAGA claim." [Dkt. No. 14.] Defendant Insight Global, LLC ("Defendant") hereby submits its response explaining why this Court should retain jurisdiction because the action was removed under the Class Action Fairness Act ("CAFA").

It is well-settled that federal jurisdiction under CAFA is determined at the time of removal and post-removal developments do not defeat jurisdiction if jurisdiction was properly invoked at the time of removal. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Service Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (with respect to CAFA, "[w]e think it more likely that Congress intended that the usual and long-standing principles apply—post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing" and concluding that the district court improperly remanded the case after class claims were dismissed); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (holding that the state court's certification of a class significantly smaller than the proposed class did not defeat CAFA jurisdiction because "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked at the time of filing")*; see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-9, 2:3671 ("[b]ecause jurisdiction is determined by the record at the time of removal, the federal court's postremoval denial of class certification does not affect its jurisdiction in CAFA cases (*e.g.*, thus allowing it to adjudicate non-class, state law claims").

Indeed, "[e]very circuit that has addressed the question has held that post-removal events do not oust CAFA jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014) (collecting cases from the Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits). In *Wright Transportation, Inc. v. Pilot Corp.,* 841 F.3d 1266, 1268-69 (11th Cir. 2016), the class action was removed under CAFA and the plaintiff's federal claims were then resolved in a court-approved settlement in a rival class action in another state. The plaintiff asked the district court to dismiss the remaining state-law claims without prejudice and the defendant opposed dismissal.

The district court had ruled that considerations of judicial economy and convenience did not support retaining jurisdiction because the court was unfamiliar with the merits of the case such that no compelling argument existed for exercising supplemental jurisdiction over the plaintiff's state-law claims. *Id.* at 1270. The Eleventh Circuit reversed the district court because "CAFA jurisdiction is analogous to conventional diversity jurisdiction, which is not destroyed by post-filing changes to party citizenship." *Id.* at 1271-72. The district court therefore erred in dismissing the plaintiff's state-law claims because CAFA continued to confer original federal jurisdiction over the remaining state-law claims such that there was no need for the court to analyze supplemental jurisdiction. *Id.* at 1272-73. In so ruling, the Eleventh Circuit stressed that "CAFA jurisdiction is not easily defeated." *Id.* at 1271-72.

*Bui v. Northrop Grumman Sys. Corp.*, 2015 WL 8492502 (S.D. Cal. Dec. 10, 2015), order vacated in part on other grounds, 2016 WL 7178921 (S.D. Cal. Dec. 9, 2016), is directly on point. After removing a class and PAGA action, the defendant moved to compel arbitration of the plaintiff's individual wage and hour claims and sought a stay of all claims not subject to arbitration. *Id.* at *3. The plaintiff agreed to dismiss her putative class claims and submit her individual non-PAGA claims to arbitration, and then requested the court to exercise its discretion and remand the PAGA claim to state court. *Id.* The court, citing *United Steel*, 602 F.3d at 1092, found that it "had proper subject matter jurisdiction premised upon CAFA at the time of removal," and therefore "plaintiff's request to dismiss her putative class claims without prejudice and submit her individual claims to arbitration, except for the PAGA claim, does not divest the Court of CAFA jurisdiction." *Id.* at *4. Accordingly, the court denied the plaintiff's request to remand the PAGA claim to state court. *Id.*

Defendant's removal of this action pursuant to CAFA was proper and was never challenged. As such, under clear Ninth Circuit precedent, this Court retains jurisdiction based on CAFA over Plaintiff's PAGA claim, as well as her non-PAGA claims that have been compelled to arbitration under the FAA.[1] Given that Plaintiff's individual, class, and PAGA representative

---

[1] Under the express language of the FAA, the Court retains jurisdiction over the stayed federal action while the arbitration is had. 9 U.S.C. § 3. This provides another basis for continuing federal jurisdiction.

claims all arise from a common nucleus of operative facts (*i.e.*, Plaintiff's employment with Defendant), Plaintiff's PAGA claim is properly within the Court's jurisdiction.

Even if there was a need to consider supplemental jurisdiction principles – which there is not – those principles support jurisdiction over the PAGA claim because it derives from a common nucleus of operative fact and is based on the same alleged conduct, case, and controversy that gave rise to Plaintiff's class claims over which the Court had and continues to have original federal jurisdiction under CAFA. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006) (holding that the district court had authority to exercise jurisdiction over a state-law claim derived from common nucleus of operative fact after dismissing plaintiff's federal claims); *Thompson v. Target Corp.*, 2016 WL 4119937, *12 (C.D. Cal. Aug. 2, 2016) (denying remand because the plaintiff's class and PAGA claims concern the same alleged misconduct by the defendant such that they form part of the same case or controversy under Article III, and finding "the PAGA claims are therefore properly within the Court's supplemental jurisdiction").

Because it preceded *United Steel* and was not a CAFA case, the court in *Allen v. County of Monterey*, 2007 WL 3070973, *5 (N.D. Cal. Oct. 19, 2007), considered the issue of whether the non-federal claims "substantially predominated" over the federal claims such that retaining supplemental jurisdiction would have been improper. Even though that issue is not relevant here, the court denied remand because neither the federal nor state claims substantially outweighed the other. The court noted that it also needed to weigh the 'economy, convenience, fairness, and comity' of declining supplemental jurisdiction." *Id.* As in *Allen*, those considerations support retaining jurisdiction of Plaintiff's PAGA claim here.

Dated: July 23, 2018                                MORGAN, LEWIS & BOCKIUS LLP

                                                    By   */s/ Kathy H. Gao*
                                                         Kathy H. Gao
                                                         Attorneys for Defendant
                                                         INSIGHT GLOBAL, LLC